An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

REDDY MANDRY MARTINEZ A/K/A
REDDY MANDRI,
Appellants,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65670

**FILED**

NOV 12 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant's post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

Appellant argues that the district court erred by denying his claims of ineffective assistance of counsel because defense counsel failed to investigate an exculpatory witness prior to trial, counsel failed to challenge the restitution amount, and the cumulative effect of counsel's errors deprived him of a fair trial. We review the district court's resolution of ineffective-assistance claims de novo, giving deference to the court's factual findings if they are supported by substantial evidence and not clearly wrong. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). Here, the district court conducted an evidentiary hearing on appellant's habeas petition and found, among other things, that (1) counsel's conduct in investigating Alicia Shenett was objectively reasonable and appellant made no showing that Shenett's testimony would have exculpated him at trial, (2) counsel reviewed the restitution amount and determined that it seemed fair and accurate and appellant made no showing that the restitution amount was incorrect, and (3)

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37252

appellant failed to demonstrate any detrimental error to cumulate. Our review of the record reveals that the district court's factual findings are supported by substantial evidence and are not clearly wrong, and appellant has not demonstrated that the district court erred as a matter of law. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (establishing two-part test for ineffective assistance of counsel); *Kirksey v. State*, 112 Nev. 980, 987, 923 P.2d 1102, 1107 (1996) (adopting the test in *Strickland*); *see also Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004) (petitioner must prove the facts underlying his claims of ineffective-assistance by a preponderance of the evidence). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:  Hon. Carolyn Ellsworth, District Judge
     Nguyen & Lay
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

[1]The fast track statement does not comply with the formatting requirements of NRAP 3C(h)(1) and NRAP 32(a)(4) because it is not paginated. We caution respondent's counsel that failure to comply with the applicable rules when filing briefs in this court may result in the imposition of sanctions. *See* NRAP 3C(n).